**Exhibit 1**

| | |
|---|---|
| **2nd JUDICIAL DISTRICT COURT, DENVER COUNTY, COLORADO**<br>Court Address: 1437 Bannock Street<br>Denver, CO 80202<br><br>**JOSEPH FAHY,**<br><br>Plaintiff,<br><br>v.<br><br>**DELTA AIR LINES, INC.,**<br><br>Defendant. | DATE FILED: May 6, 2020 2:44 PM<br>FILING ID: FC2C43571E2B1<br>CASE NUMBER: 2020CV31587<br><br><br>COURT USE ONLY |
| *Attorney for Plaintiffs*<br>John T. O'Connell, Reg. No. 42248<br>Lee, Myers & O'Connell, LLP<br>2851 S. Parker Road, Suite 760<br>Aurora, CO  80014<br>Phone Number: (303) 632-7172<br>E-mail: oconnell@lmoclaw.com | Case Number:<br><br>Division: |

**COMPLAINT AND JURY DEMAND**

    **COME NOW** the Plaintiff, Joseph Fahy, by and through his attorney, John T. O'Connell of Lee, Myers & O'Connell, LLP, and for his claims against the Defendant, Delta Air Lines, Inc., states as follows:

**PARTIES AND JURISDICTION**

1.    At the time of the incident, Plaintiff Joseph Fahy (hereinafter "Fahy") was a resident of Boston, Massachusetts.

2.    At the time of the incident, Defendant Delta Air Lines, Inc., (Hereinafter "Delta") was a foreign corporation with its principle place of business in Atlanta, Georgia and was licensed and doing business in Denver, Colorado.

3.    This is an action for damages in excess of $15,000.00 exclusive of costs, interest and attorney's fees.

4.    Jurisdiction and venue in this Court are appropriate under C.R.C.P. 98(c)(5) because the incident and tort alleged herein was committed in Denver County, Colorado.

## GENERAL ALLEGATIONS

5.    Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

6.    On May 8, Defendant Delta was the owner and/or operator of Flight 1854, a McDonnell Douglas MD-90 aircraft, traveling from Detroit, Michigan to Denver, Colorado.

7.    At all times material hereto, Defendant Delta was acting as a common carrier.

8.    On May 8, 2018, Plaintiff was a passenger on Flight 1854 traveling from Detroit, Michigan to Denver, Colorado.

9.    Upon information and belief, the flight attendants, pilots and other crew members aboard the aircraft were trained by Defendant Delta on evacuation procedures in case of emergency.

10.   Upon information and belief, Defendant Delta has training manuals for its employees on how to evacuate the aircraft in case of an emergency.

11.   While taxiing after landing at Denver International Airport, Plaintiff observed gray smoke pouring into the cabin.

12.   The flight crew told passengers to "Stay down, get down lower."

13.   Plaintiff observed fellow passengers begin to panic as the smoke increased.

14.   Plaintiff feared for his life as the cabin continued to fill with smoke.

15.   Plaintiff and other passengers opened the emergency evacuation door.

16.   Plaintiff exited the cabin of the aircraft and proceeded onto the wing.

17.   There were no employees Delta outside of the aircraft to assist as Plaintiff evacuated.

18.   Plaintiff suffered extreme emotional distress from watching the cabin of the aircraft fill with smoke.

19. Plaintiff suffered extreme emotional distress from fearing for his life to the point where he exited through the opened emergency exit door to escape the smoke inside the aircraft.

20. Defendant was aware of cabin smoke issues but did nothing to warn passengers of this condition.

21. Defendant failed to properly repair and/or properly maintain its aircraft so as to allow smoke to accumulate in the passenger cabin.

22. This incident occurred during flight operations.

23. Plaintiff has not failed to mitigate his damages.

24. As a direct and proximate result of the negligence of the Flight 1854 crew, as agents of Defendant, Plaintiff suffered and continues to suffer injuries and emotional distress.

## FIRST CAUSE OF ACTION
### *(Negligence – Delta Air Lines)*

25. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

26. At all times material hereto, Defendant Delta was acting as a common carrier and owed the highest standard of care to the Plaintiff.

27. Defendant Delta was negligent in the operation and/or maintenance of the aircraft that caused the aircraft to emit smoke into the cabin and necessitated the subsequent emergency evacuation of all passengers and crew.

28. Defendant Delta had a duty to ensure a safe journey that was free from smoke in the cabin.

29. Defendant Delta's duty to ensure a safe journey continued for the full duration of the flight, including taxiing to the terminal upon landing.

30. Defendant Delta had a duty to ensure a safe manner of access and egress to the aircraft.

31. Defendant Delta failed to follow guidelines and regulations for the safe egress of passengers under emergency conditions.

32. Defendant Delta breached its duties of Plaintiff due to its negligence in the operation, use and/or control of its aircraft.

33. Defendant Delta breached its duty to the Plaintiff in its failure to instruct and/or effectuate a safe and orderly evacuation of the aircraft; failure to properly evacuate the aircraft; failure to provide adequate emergency assistance to an aircraft in distress on the ground; and failure to establish and abide by reasonable emergency procedures.

34. As a direct and proximate result of Defendant Delta's careless, negligent and unreasonable acts, Plaintiff has suffered and continues to suffer injuries and emotional distress.

35. Plaintiff Fahy's economic and non-economic damages and losses are still accruing.

## SECOND CAUSE OF ACTION
### *(Negligent Infliction of Emotional Distress – Delta Air Lines)*

36. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

37. Defendant's conduct in operating and maintaining the aircraft involved in the incident was negligent.

38. Defendant's conduct in failing to effectuate a safe and orderly emergency evacuation of the aircraft, failure to provide adequate emergency assistance to an aircraft in distress on the ground, and failure to establish and abide by reasonable emergency procedures was negligent.

39. Defendant's negligent conduct created an unreasonable risk of physical harm to Plaintiff.

40. Defendant's conduct caused Plaintiff Fahy to fear for his safety.

41. Plaintiff Fahy was in the "zone of danger" created by Defendant's negligent conduct.

42. Plaintiff Fahy experienced long-continued emotional disturbance due to Defendant's negligence.

43. Defendant's negligent conduct was the actual and proximate cause of Plaintiff's damages and losses.

44. Plaintiff Fahy's economic and non-economic damages and losses are still accruing.

## THIRD CAUSE OF ACTION
### *(Intentional Infliction of Emotional Distress – Delta Air Lines)*

45. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

46.    Defendant knew of other instances of smoke filling passenger cabins.

47.    Defendant, knowing that smoke filling the passenger cabin caused abject fear in their passengers who would fear immolation in enclosed cabin.

48.    Defendant engaged in extreme and outrageous conduct in its deficient operation, failure to warn and/or maintenance of the aircraft that caused the aircraft to emit smoke into the cabin and necessitated the subsequent emergency evacuation of all passengers and crew.

49.    Defendant engaged in extreme and outrageous conduct in failing to effectuate a safe and orderly emergency evacuation of the aircraft, failing to provide adequate emergency assistance to an aircraft in distress on the ground, and failing to establish and abide by reasonable emergency procedures.

50.    Defendant did so recklessly, or with the intent of causing the Plaintiff severe emotional distress.

51.    Defendant's conduct caused the Plaintiff severe emotional distress.

52.    Plaintiff Fahy's economic and non-economic damages and losses are still accruing.

**WHEREFORE,** Plaintiff prays for judgement against Defendant Delta for an amount to be proven at the time of trial to include, but without limitation, any amount that will reasonably compensate Plaintiff for his economic and non-economic harms and losses, including but not limited to, compensation for personal injuries; pain and suffering; inconvenience; loss of enjoyment of life; emotional distress; medical and rehabilitation expenses; lost wages; impairment of earning capacity; loss of time; physical impairments; together with prejudgment interest from the date of the collision herein described; post judgement interest as allowed by law; costs of this action, including expert witness fees, and any such other damages and interest, and other relief as the court deems necessary, just, or proper.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY.**

Respectfully Submitted this 6th day of May, 2020.


LEE, MYERS & O'CONNELL, LLP

By:     */s/ John T. O'Connell*
        John T. O'Connell (Reg. No. 42248)
        2851 S. Parker Road
        7th Floor, Suite 760
        Aurora, CO 80015
        (303) 632-7172
        oconnell@lmoclaw.com